IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                   v.                  07-cr-39-jdp-01

SHAWN CLARKE,

                Defendant.

Defendant Shawn Clarke has asked the court for a copy of his supervised release records. Dkt. 50. Specifically, he requests records pertaining to his completion of a 90-day residential treatment program at Rock Valley Community Programs, Inc. (RVCP) for the purpose of "attempting to clear [his] name in a state case." I will not release the actual supervised release documents, but I will confirm that defendant completed the 90-day in-patient program at Rock Valley Community Programs. I will also provide a summary of the main events in his supervised release.

## SUMMARY OF SUPERVISION

Following his conviction for armed bank robbery, defendant was sentenced in the Western District of Wisconsin on August 7, 2007, to a 105-month term of imprisonment. He began his first term of supervised release on December 5, 2014. On March 2, 2015, his supervisory probation

officer reported that defendant had been stealing and using his mother's prescription pills. No judicial action was taken at that time. On August 19, 2015, the probation officer reported that, in response to new reports of drug use, missed AODA appointments, and missed counseling sessions, defendant had consented to a modification of his conditions, under which he would be placed in an inpatient treatment program for 60 days. Defendant's term of supervised release was revoked on October 20, 2015, because he had used illegal drugs and was removed from his inpatient treatment program. He was sentenced to an eight-month term of imprisonment to be followed by a three-year term of supervised release.

Defendant continued to struggle with addiction during his second term of supervised release, which began on June 10, 2016. In March 2017, he agreed to enter a 90-day inpatient treatment program at RVCP. Defendant admitted to using a mixture of cocaine and heroin the night before entering the program and was unable to participate in programming for the first few days of treatment because he was experiencing withdrawal symptoms. Although he struggled at times during the program, defendant did complete inpatient treatment on June 16, 2017.

Unfortunately, defendant was arrested by the Beloit, Wisconsin, Police Department for operating under the influence the same day he completed his inpatient treatment. Defendant's second federal term of supervised release was revoked on July 19, 2017, after he stipulated that he had possessed heroin on June 16, 2017. He did not stipulate to any violations involving the operation of a motor vehicles while under the influence of intoxicants, and the Court made no such findings. Defendant was sentenced to a 24-month term of imprisonment with no supervised

release to follow. At the time of defendant's hearing to address his federal supervised release violations, charges of operating while intoxicated, third offense, Case Number 17CT223, and operating with restricted controlled substance, third offense, Case Number 17CT124, remained pending in the Circuit Court of Rock County, Wisconsin. The alleged offense dates are June 16, 2017, and February 24, 2017, respectively. The cases remain pending and are the only pending cases listed on the Wisconsin Circuit Court Access Program for this defendant.

DISCUSSION OF RELEASE OF RECORDS

Although it is not clear from his letter, the Court presumes defendant is seeking his treatment records to assist in one or both of his pending cases. It is noted that defendant was not in treatment at the time of either of the alleged offenses. Defendant's admitted use of cocaine and heroin on the date he last entered treatment and his admitted possession of heroin, and apparent overdose, on the same day he left treatment demonstrate the toll that his long history of addiction have taken on his life. It is the sincere hope of this Court that defendant will continue to seek assistance in addressing his addictions and that he make meaningful and positive changes in his life.

As set forth in the Guide to Judiciary Policy, Volume 8, Part E, Chapter 1, federal courts are excluded from both the Freedom of Information Act and the Privacy Act. (*See* § 190.10.10.) Thus, the manual provides that "disclosure of the content of the supervision files is the prerogative of the court."

Defendant says that he seeks documentation that he completed his 90-day inpatient treatment program during the summer of 2017. This order verifies that the defendant did complete that program on June 16, 2017, after 88 days of treatment.

But at this point, the Court sees no need to release the non-public treatment records in this case. The Court will consider a request to review the records if he shows that the documents being sought are likely to contain exculpatory evidence, which means that they might tend to clear defendant from fault or guilt in his pending cases.

ORDER

IT IS ORDERED that defendant's request for supervised release records, and specifically treatment records, is DENIED as set forth above.

Entered February 13, 2018.

BY THE COURT:

/s/

James D. Peterson
District Judge